Date signed August 15, 2014



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.  05-21078-TJC |
| Minh Vu Hoang | * | 05-25738-TJC |
| Thanh Hoang | * | Jointly Administered Under |
| | * | Case No. 05-21078-TJC |
| | * | Chapter   7 |
| Debtors | * | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Gary A. Rosen, Chapter 7 Trustee | * | |
| Plaintiff | * | |
| vs. | * | Adversary No.  13-00551-TJC |
| Minh Vu Hoang | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DECISION**

This adversary proceeding seeks a permanent injunction against Minh Vu Hoang (the "Debtor") from filing any personal actions or proceedings against the chapter 7 trustee, Gary A. Rosen (the "Trustee") or any of the bankruptcy estate's professionals, without express leave of this court.  Before the court is a motion to dismiss the Debtor's counterclaims under Fed. R. Civ.

1

P. 12(b)(6) and motion for summary judgment filed by the Trustee. Docket Nos. 41 and 42. The Debtor filed an opposition to both motions. Docket Nos. 43 and 47.

The court deems that oral argument is unnecessary because the facts and legal arguments are adequately presented in the papers. *See* Local Bankruptcy Rule 9013-1(b)(4). For the reasons set forth in this memorandum of decision, the court will grant the motion for summary judgment, and the court will dismiss the Debtor's counterclaims.

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157, and United States District Court Local Rule 402. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

**Material Facts Not In Dispute**

On May 10, 2005, the Debtor filed bankruptcy under chapter 11. The case was subsequently converted to chapter 7 on October 28, 2005. The court appointed Gary A. Rosen to serve as the trustee when the case was originally in chapter 11, and he continues to serve in that capacity. Pre and postpetition, the Debtor was involved in a real estate "flipping" scheme that used sham businesses to avoid reporting income to the Internal Revenue Service. She failed to disclose these assets in her bankruptcy schedules or statement of financial affairs. The Debtor admitted to tax and bankruptcy fraud, and she was incarcerated for three years due to her crimes. *See* Plea Statement, *United States v. Minh Vu Hoang, et al.,* Criminal No. DKC-07-172, Docket No. 175 (D. Md. Jan. 28, 2010). Since his appointment, the Trustee, along with court appointed estate professionals, have been investigating the Debtor's financial transactions and recovering assets of the bankruptcy estate that the Debtor fraudulently concealed.[1]

---

[1] Over 95 adversary proceedings have been filed in the Debtor's bankruptcy case and related bankruptcy cases. The majority of which the Trustee filed to recover assets that are property of the estate or traceable to property of the estate.

On January 17, 2012, the Trustee filed an adversary proceeding for declaratory relief, turnover of property described as 1222 Spruce Avenue, Shady Side, Maryland (the "Property"), and for sale of the Property free and clear of liens against MV General Partnership and Thieny, LLC.[2]  Adv. 12-00056.  The Property was titled under MV General Partnership and there was a deed of trust in the name of Thieny, LLC against the Property.  The Trustee sought turnover of the Property and a declaration that the Property was property of the estate, that MV General Partnership did not have any legal interest in the Property, and that deed of trust held in the name of Thieny, LLC was null and void.  *See* Docket No. 1 in Adv. 12-00056.

The defendants failed to file an answer or responsive pleading to the complaint, and on February 15, 2013, the Trustee filed a motion for default judgment.  *Id.* at Docket No. 46.  The Debtor, as intervenor[3] and on behalf of MV General Partnership, filed a motion to vacate the clerk's entry of default against MV General Partnership, but it was stricken.  *Id.* at Docket Nos. 49 and 57.  On March 26, 2013, the court entered default judgment against the defendants and in favor of the Trustee.  *Id.* at Docket No. 56.  The Debtor, again as intervenor, filed a motion to dismiss the complaint after the court entered default judgment.  *Id.* at Docket Nos. 67.  This court denied the motion as moot because it was "not the appropriate vehicle to set aside a judgment."  *Id.* at Docket No. 71.

On August 26, 2013, the Debtor appealed the order denying the motion to dismiss as moot, and the District Court for the District of Maryland dismissed the appeal pursuant to 28 U.S.C. §1915(e)(2)(B)(i) because it was "clearly frivolous."  *See* Civil Action No. DKC 13-2624, Docket No. 15 at 3 (D. Md. October 28, 2013); Adv. 12-00056 at Docket No. 87.

---

[2]  The complaint alleged that MV General Partnership and Thieny LLC were alter ego businesses of the Debtor.  *See* Adv. 12-00056, Docket No. 1 at n. 2 and ¶27.
[3]  *See* Adv. 12-00056, Docket No. 83.

In the main bankruptcy case, Case No. 05-21078, on August 9, 2013, the Trustee filed a notice of sale of the Property free and clear, and the court approved the sale and overruled the sole objection filed by the Debtor.  *See* Case No. 05-21078 at Docket Nos. 2294, 2319, 2325, and 2330.  On August 12, 2013, the Debtor filed an appeal from the order approving the sale.  *Id.* at Docket No. 2334.  While the appeal was pending, the Property was sold.  *See id.* at Docket No. 2356.  The District Court dismissed the appeal as moot because the Debtor failed to obtain a stay pending appeal on the sale of the Property.  *See* Civil Action No. DKC 13-2637, Docket No. 16 (D. Md. March 19, 2014), Docket No. 89 in Adv. 12-00056.

While the Debtor was litigating in the Bankruptcy and District Court over the Property, on July 29, 2013, she filed a complaint and jury demand in the Circuit Court for Anne Arundel County, Maryland, against the Trustee and the estate's realtor,[4] Jocelyn McClure ("McClure").  Docket No. 1-1 in Adv. 13-00551, *Hoang v. Rosen, et al.,* Case No. 02-C-180383 (the "Circuit Court Action").  The Debtor requested to establish a mechanic's lien on the Property for $100,000 of repairs done after a flood in 2006.  She also alleged that MV General Partnership assigned the Property to her and her spouse, and that she has rights in the Property from another assignment under the Thieny, LLC Deed of Trust.  The Debtor also requested $315,000 in damages from the Trustee and McClure for fraud and negligence.

**Procedural History**

On September 25, 2013, the Trustee filed this instant complaint for injunctive relief, damages, and sanctions requesting relief because the Debtor violated of the Barton Doctrine and the automatic stay by filing the Circuit Court Action.  Adv. 13-00551.  The Trustee also filed a motion for preliminary injunction.  *Id.* at Docket No. 2.  On October 7, 2013, after notice and a hearing, the court entered an order granting preliminary injunction, which enjoined the Debtor

---

[4] The court approved the employment of McClure.  Case No. 05-21078 at Docket No. 266.

from further prosecution of the Circuit Court Action, ordered the Debtor to dismiss the action, and directed her to request leave of court before she commenced or continued any action against the Trustee or McClure. *Id.* at Docket No. 11. The Circuit Court Action was dismissed, and the Debtor filed evidence of the dismissal on December 6, 2013. *Id.* at Docket No. 38. She also filed an answer and counterclaim to the complaint. *Id.* at Docket No. 37.

## Conclusions of Law

*Standard of Review upon Motion for Summary Judgment*

Fed. R. Civ. P. 56, applicable here by Fed. R. Bankr. P. 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must consider all evidence in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris,* 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986)).

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise property supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Anderson,* 477 U.S. at 247-248 (citation omitted).

In his summary judgment motion, the Trustee seeks a permanent injunction against further litigation by the Debtor against him and McClure. To obtain a permanent injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at

law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). The court has discretion over whether to grant a permanent injunction. *Id.*

In effect, the "Barton Doctrine" is a common-law injunction of suits filed against a receiver, without obtaining leave from court. *See Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (citing *Barton v. Barbour*, 104 U.S. 1236, 127, 26 L.Ed. 672 (1881)). Courts extend this doctrine to lawsuits against a bankruptcy trustee and against a trustee's attorneys. *See McDaniel v. Blust*, 668 F.3d 153, 156-157 (4th Cir. 2012); *Lowenbraun v. Canary (In re Lowenbraun),* 453 F.3d 314, 321 (6th Cir. 2006); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005); *Darr*, 375 F.3d at 143 (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir. 1996).

> The Barton doctrine serves the principle that a bankruptcy trustee is an officer of the court that appoints him, and therefore that court has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties. Without the requirement of [of obtaining leave, trusteeship would become a more irksome duty, and so it would be harder for courts to find competent people to appoint as trustees. Trustees would have to pay higher malpractice premiums, and this would make the administration of the bankruptcy law more expensive. The doctrine also enables bankruptcy courts to monitor the work of the trustees they have appointed so that the courts may be fully informed when they make future appointments.

*McDaniel*, 668 F.3d at 157 (citations, alterations, and internal quotations omitted).

Leave of court must be obtained when the trustee performs acts within the context of recovering assets for the estate. *McDaniel*, 668 F.3d at 157. If the plaintiff complains that the

6

acts are outside of the context of recovering assets for the estate, the plaintiff must raise these facts from the inception.[5]  *Id*.

In this case, the procedural history of Adv. 12-00056 and of the Circuit Court Action is material to making the determination, and there is no dispute as to the filings made and the orders entered.  The court finds that all the elements necessary to impose a permanent injunction in accordance with the Barton Doctrine.

The filing of the Circuit Court Action is another example of the Debtor's efforts to hinder the progress of the bankruptcy case, without justification.  The Debtor has a long history of making numerous and frivolous filings challenging the Trustee's administration of estate assets and imposing additional costs on the estate.  *See In re Hoang*, 2014 WL 1320322, *6 (Bankr. D. Md. 2014) ("Now, incarcerated for action directly related to this case, the Debtor apparently has substantial amounts of time on her hands and has taken to making numerous and repetitive filings."); *see also Hoang v. Rosen,* 2013 WL 4804822 at *3, n.5 (D. Md. Sept. 6, 2013) ("Adding to the irony is the fact that Debtor's repeated and often frivolous challenges inevitably result in even greater fees, adding to the millions of dollars she will eventually owe, which the creditors-primarily, the government-are unlikely to collect."); Civil Action No. 13-2624, Docket No. 15 ("The instant appeal is clearly frivolous.  Without question, a motion to dismiss a complaint filed after a final judgment has been entered is properly denied as moot, as the bankruptcy court determined.  Moreover, Appellant's argument to the contrary, presented in her

---

[5]  There is an exception to the requirement of obtaining leave, and it is codified under 28 U.S.C. §959.  It applies only when a trustee is carrying on the business of the debtor:
> (a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.  Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. §959(a).  This exception does not apply here because the Trustee and McClure were liquidating estate property for the benefit of creditors as required under 11 U.S.C. §704.

appellate brief (ECF No. 5), is wholly inapposite, as it fails to address the basis of the bankruptcy court's decision.").

The Debtor seeks in the Circuit Court Action to dispute, again, that the Property is not estate property, that the Trustee and his professionals cannot sell the property for the benefit of the estate, and that the Trustee and his professionals have been fraudulent and negligent in their actions with regard to the Property.  There is no question that the Circuit Court Action is an attempt to have another bite at the proverbial apple after the Debtor exhausted all of her opportunities in the Bankruptcy and District Court.  *See e.g.* (1) Memorandum supporting motion to reconsider order striking document and order entering judgment (Docket No. 65, Adv. 12-00056); (2) Motion to dismiss (Docket No. 67, Adv. 12-00056); (3) Motion to reconsider the order denying motion to dismiss (Docket No. 73, Adv. 12-00056); (4) Notice of appeal of the order denying motion to dismiss (Docket No. 74, Adv. 12-00056); (5) Objection to the Trustee's notice of sale (Docket No. 2319, Case No. 05-21078); and (6) Notice of appeal from the order approving sale of the Property (Docket No. 2334, Case No. 05-21078).

Most recently, the court has also found the Debtor in contempt for failing to abide by a a court order required her to turnover 48.070 carats of diamonds and delaying the administration of this estate.  Case No. 05-21078 at Docket No. 2434.  The court determined that she was in civil contempt for her failure to comply with the turnover order, and barred her from further participation in the bankruptcy case and related cases until she turns over the diamonds, a sanction that would coerce her compliance or compensate the estate for losses sustained.  In its determination, the court stated that "it is beyond dispute that the Debtor's filings have added unnecessarily to the time and cost of administering the estate." *Id.* at 11.  The court decided to bar her from future filings instead of imposing monetary sanctions or incarceration because

historically, those types of sanctions have not encouraged the Debtor to cooperate with the Trustee or to facilitate with the liquidation of this case.

Accordingly, an injunction order will not cause the Debtor any harm, but will simply clarify the law as it pertains to her actions while this case is liquidated.  A permanent injunction order should be unnecessary in light of the Barton Doctrine.  The Debtor is subject to the doctrine and should not need to be enjoined from violating its principles. Nevertheless, the Debtor's vexatious filings make an injunction necessity to keep this bankruptcy liquidation moving forward.  A permanent injunction order will provide clear direction to the Debtor, curb further collateral attacks on final orders, and limit estate costs.  Moreover, the public interest is served because an injunction order will put a brake on the costs of administering this estate, which may provide a greater return to creditors, notably the Internal Revenue Service. Therefore, a permanent injunction barring the Debtor from filing any personal actions against the Trustee and the estate's professionals in other forums is an appropriate remedy.

The court rejects the Debtor's arguments that the Barton Doctrine does not protect McClure.  The doctrine extends to the Trustee and all court-appointed professionals, and the Debtor cites no authority to the contrary.  In fact, all of the Trustee's and McClure's actions were done in an effort to recover assets for the estate and liquidated them for the benefit of creditors. Neither the Trustee nor McClure has carried on the Debtor's previous business ventures.

*Standard of Review upon Motion for Dismissal of Counterclaims*

The purpose of Fed. R. Civ. P. 12(b)(6), applicable here by Fed. R. Bankr. P. 7012, is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Pressley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1989)

(internal quotations and alterations omitted)).  To survive a motion to dismiss, a complaint must allege sufficient factual matter accepted as true to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  "The court is not limited to the four corners of the complaint, . . . consideration of matters incorporated by reference o integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered . . . without converting the motion into one for summary judgment.  These matters are deemed to be a part of every complaint by implication. 5B Charles A. Wright & Arthur R. Miller*,* Federal Practice & Procedure §1357 (3d ed. 2014).

*Collateral Estoppel*

"Collateral estoppel or issue preclusion forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." *Ramsay v. U.S.I.N.S.*, 14 F.3d 206, 210 (4th Cir. 1994) (citation and internal quotation omitted).  The five elements required to establish collateral estoppel are: (1) the issue precluded must be identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) the determination of the issue must have been critical and necessary to the prior decision; (4) the prior judgment must be final and valid; (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in prior litigation.  *Ramsay,* 14 F.3d at 210.

Here, the Debtor is collaterally estopped from pursuing her counterclaims.  The issues raised in the counterclaims are identical to the issues previously litigated and which have been finally resolved.  In Adv. Case No. 12-00056, whether the bankruptcy estate had title, free and

10

clear of all other interests to the Property was fully litigated, she was provided an opportunity to fully litigate her claims over the Property, and she failed to do so with the Bankruptcy Court or the District Court.

Moreover, the issues over the Property are moot as explained by the District Court in its Memorandum Opinion and Order entered on March 19, 2014. *See* Docket No. 90 in Adv. 12-00056, Docket No. 16 in Civil Action No. DKC 13-2637. In that memorandum, the District Court dismissed her appeal of the notice of sale as moot because the Property had sold and she had not requested a stay pending appeal. The court relied on the holdings of *In re Rare Earth Minerals,* 445 F.3d 359, 363 (4th Cir. 2006), which held that "[w]here a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because the court has no remedy that it can fashion even if it would have determined the issues differently. . . . Thus, even if the bankruptcy court erred in authorizing the sale, the appeal must be dismissed." *Id.* at 363 (citations and internal quotations omitted).

## Conclusion

For the foregoing reasons, the court concludes that a permanent injunction order is an appropriate remedy for the Debtor's violation of the Barton Doctrine, and the Debtor's counterclaims should be dismissed for failure to state a claim upon which relief may be granted. An order will be entered in accordance with this memorandum of decision.

cc:   Minh Vu Hoang
      Thanh Hoang
      Gary A. Rosen, the Chapter 7 Trustee
      Roger Schlossberg, Counsel for the Chapter 7 Trustee
      United States Trustee

**END OF MEMORANDUM OF DECISION**

11