IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG, et al.     :
_____

                                 :

MINH VU HOANG
          Appellant             :

     v.                          :   Civil Action No. DKC 14-3128

                                 :

GARY A. ROSEN et al.
          Appellees             :

**MEMORANDUM OPINION**

Appellant Minh Vu Hoang ("Ms. Hoang" or "Appellant"), a debtor in the underlying bankruptcy case, appeals from an order entered by United States Bankruptcy Judge Thomas J. Catliota on August 18, 2014, granting summary judgment to Appellee Gary A. Rosen, the chapter 7 trustee ("the Trustee" or "Mr. Rosen"), and the estate's realtor, Jocelyn McClure ("Ms. McClure"), and dismissing Appellant's counterclaims as either moot or collaterally estopped. (ECF No. 1-12). Ms. Hoang also seeks to proceed *in forma pauperis* on her bankruptcy appeal. Finally, she filed a motion for case reassignment. (ECF No. 8). Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the *in forma pauperis* application will be granted, but

the appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).
Appellant's motion for case reassignment also will be denied.

## I.   Background

The thorny factual background underlying this bankruptcy
case was set forth in numerous prior opinions, thus only the
facts relevant to the instant appeal will be included. *See In
re Hoang*, 469 B.R. 606 (D.Md. 2012).

On May 10, 2005, Minh Vu Hoang filed a voluntary petition
under Chapter 11 of the bankruptcy code in the United States
Bankruptcy Court for the District of Maryland.   Her husband,
Thanh Hoang, separately filed a chapter 11 petition on July 12,
2005.   Both cases were subsequently converted to chapter 7 and
the bankruptcy court ordered that the estates be jointly
administered.   Gary Rosen was appointed as the Chapter 7
trustee.   Thereafter, the Trustee commenced numerous adversary
proceedings to recover property of the estate that Appellant had
attempted to conceal through various business entities with
which she was associated.   She failed to report these entities
on her bankruptcy schedules and her statement of financial
affairs, and she was criminally indicted on charges related to
bankruptcy and tax fraud.   On October 13, 2010, Appellant pled
guilty to conspiracy to defraud an agency of the United States,
in violation of 18 U.S.C. § 371.   She was sentenced to a term of
imprisonment of sixty months.

2

On January 17, 2012, Trustee Rosen commenced an adversary proceeding against MV General Partnership and Thieny, LLC, as part of an ongoing effort to recover estate property fraudulently concealed by Appellant. (Bankr.Case No. 12-00056, ECF No. 1).  According to the complaint, the property was purchased at a foreclosure sale on March 23, 2004 by MV General Partnership in the amount of $110,000.  Citing an attached wire transaction detail report and bank statement showing that the settlement amount of $99,065.13 was wired from the Law Offices of Craig Parker from an account associated with Ms. Hoang, the trustee alleged that the purchase funds were, in fact, property of the bankruptcy estate.  Gary Rosen, as trustee, sought a declaration that Spruce Avenue was estate property; the imposition of a constructive trust; a declaration that MV General Partnership had no legal right, title, or interest in the property, and that the trustee was entitled to dominion and control; a declaration that a deed of trust to Thieny, LLC was null and void; and an order directing turnover of the property and authorizing the trustee to sell it.

Despite being provided an opportunity to obtain counsel, counsel was not retained for MV General Partnership and Thieny, LLC and default was entered.  On February 15, 2013, the trustee moved for entry of default judgment.  The bankruptcy court granted the motion on March 26, 2013, and default judgment was

entered against MV General Partnership and Thieny, LLC. The judgment provided, in relevant part, that the trustee was "authorized to list Spruce Avenue for sale with a multiple listing service through the offices of a real estate agent to be approved by this court upon proper Application thereof by the Plaintiff/Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure." (Bankr.Case No. 12-00056, ECF No. 56, at 3).

The trustee filed, in the main bankruptcy case, notice of his intent to sell the Spruce Avenue property and an application for compensation to a real estate agent associated with the sale. (Bankr.Case No. 05-21078, ECF Nos. 2294, 2295). Appellant objected to the notice of sale, requesting that the bankruptcy court abstain from approving the sale. The bankruptcy court overruled her objection and approved the sale of the property.

On August 12, 2013, Appellant noted an appeal in the bankruptcy court from the order in the main bankruptcy case authorizing the sale of the Spruce Avenue property and payment of the commission in relation thereto. Seven days later, the Spruce Avenue property was sold to JLN Development, LLC, in the amount of $107,033.96. (Bankr.Case No. 05-21078, ECF No. 2356).

4

On July 29, 2013, while Ms. Hoang was litigating in the bankruptcy and district court regarding the Spruce Avenue property, she filed a *pro se* complaint and jury demand against Trustee Gary Rosen and real estate agent Jocelyn A. McClure in the Circuit Court for Anne Arundel County, Maryland, Case No. 02-C-13-180383. (*See* ECF No. 7-8). In the complaint, Ms. Hoang requested to establish a mechanic's lien on the Spruce Avenue property for $100,000 in repairs allegedly performed after a flood in 2006, and asserted claims for fraud and negligence against Mr. Rosen and Ms. McClure. Appellant also alleged that MV General Partnership assigned the property to her and her spouse, and that she has rights in the property from another assignment under the Thieny, LLC Deed of Trust. (*Id.*).

On September 25, 2013, Appellee Gary A. Rosen, the Chapter 7 trustee in the underlying bankruptcy case, and Jocelyn A. McClure, the Trustee's real estate agent appointed to market and sell the real property owned by the bankruptcy estate, commenced the adversary proceeding against Ms. Hoang in the United States Bankruptcy Court for the District of Maryland from which this appeal arises. (Bankr.Case No. 13-00551-TJC). The adversary proceeding sought a permanent injunction against Ms. Hoang from filing any personal actions or proceedings against the Chapter 7 trustee, Gary Rosen, or any of the bankruptcy estate's professionals, without first obtaining express leave of the

bankruptcy court. (*Id.* at ECF No. 1). Appellees moved for a preliminary injunction, (ECF No. 2), which the court granted on October 7, 2013. (*Id.* at ECF No. 11). The order enjoined preliminarily Appellant and all persons acting in concert or in cooperation with her from the continued maintenance or prosecution of the circuit court complaint. (*Id.* at 3). Appellant further was ordered to dismiss with prejudice her complaint in the circuit court by October 17, 2013. Appellant filed a motion to vacate the order directing dismissal and a motion to remove the adversary proceeding to state court. The bankruptcy court denied both motions. On November 25, 2013, the bankruptcy court issued an order giving Appellant another fourteen (14) days to comply with the October 7, 2013 order and dismiss her action in circuit court. (Bankr.Case No. 13-00551, at ECF No. 27). On December 6, 2013, Appellant filed evidence of the dismissal of her action in the circuit court. (*Id.* at ECF No. 38).

On the same day, Appellant filed a counterclaim against Trustee Rosen and Ms. McClure. (*Id.* at ECF No. 37). Appellees moved to dismiss the counterclaim and separately moved for summary judgment on their complaint. (*Id.* at ECF Nos. 41 & 42). Appellant opposed both motions. Judge Catliota issued a memorandum opinion and order on August 18, 2014, granting summary judgment, dismissing the counterclaims, and permanently

6

enjoining Appellant from filing any further actions against the Trustee or the bankruptcy estate's professionals in any forum without filing a motion requesting leave from the bankruptcy court. (ECF Nos. 1-12 & 1-13).

The instant appeal was docketed in district court on October 6, 2014.[1] (ECF No. 1). After Ms. Hoang failed to file a brief within fourteen (14) days in accordance with Bankruptcy Rule 8009(a), the court issued a show cause order on October 30, 2014. (ECF No. 3). Appellant filed a response to the show cause order on November 13, 2014, (ECF No. 4), and Appellees replied (ECF No. 5). Ms. Hoang finally filed her brief and exhibits on December 4, 2014 (ECF Nos. 6 & 7),[2] and Appellees filed an opposition brief on January 15, 2015 (ECF No. 9).

_____

[1] A notice of appeal must be specific in identifying the scope of the appeal. In her notice of appeal, Ms. Hoang indicated that she sought to appeal the August 18, 2014 order granting summary judgment to Appellees, dismissing her counterclaims, and permanently enjoining her from filing actions against the Trustee and estate professionals before seeking leave of the bankruptcy court. (ECF No. 1). Pursuant to Bankruptcy Rule 8009A, "[t]he record on appeal will only include those exhibits and other items that are properly designated pursuant to Rule 8009." Although Ms. Hoang is no stranger to appellate practice considering the many appeals she has filed in connection with her ongoing bankruptcy case, she submitted as exhibits to her appellate brief filings outside the scope of her appeal, which will not be considered. (*See* ECF No. 7-2).

[2] In the reply memorandum, Appellees urged the court to dismiss the appeal due to Appellant's failure to show good cause for failing to file a brief; by that point, Appellant still had not filed a brief. As stated above, Appellant has now filed a brief in support of her appeal.

Appellant also filed a motion requesting that the appeal be reassigned to a judge in the Northern Division. (ECF No. 8).

## II. Analysis

### A. Motion for Case Reassignment

Appellant filed a motion requesting that her case be "assigned to a judge in the division of the Maryland U.S. District Court other than a judge whose chambers are in the courthouse where the bankruptcy case is pending." (ECF No. 8). Appellant argues that the Wasserman Bankruptcy Appeals Manual requires that the case be reassigned to a judge who does not sit in the same courthouse as Judge Catliota, the presiding bankruptcy judge. Nothing in the bankruptcy rules requires a bankruptcy appeal to be reassigned to a judge in a different division from where the bankruptcy case is pending.[3] Accordingly, Appellant's motion for case reassignment will be denied.

### B. *In Forma Pauperis* Application

On October 6, 2014, Appellant filed in the bankruptcy court an "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or In Installments." (Bankr.Case No. 13-00551-TJC, at ECF No. 68).

---

[3] The Wasserman Bankruptcy Appeals Manual that Appellant references merely provides guidance regarding where to file pleadings and other papers *if* an appeal is assigned to a judge in a different division from where the underlying bankruptcy case is pending.

Appellees opposed the application in the bankruptcy case. (*Id.* at ECF No. 71). The application has not been adjudicated by the bankruptcy court, however; instead, the application and the opposition thereto were transmitted to this court with the appeal. (*See* ECF Nos. 1-14 & 1-15). As the Appellees point out in their opposition, the application "does not even designate for which proceeding [Appellant] is requesting the fees to be waived." (ECF No. 1-15, at 7). Ms. Hoang's application will be construed as a motion to proceed *in forma pauperis* in connection with her appeal of the August 18, 2014 order of the bankruptcy court.

Subject to certain limitations, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Courts have disagreed as to whether a bankruptcy court is considered a "court of the United States" for purposes of this section. *See In re Minh Vu Hoang*, Civ. Action Nos. DKC 11-2641, DKC 11-2642, DKC 11-2653, DKC 11-2654, 2011 WL 10583556, at *4 (D.Md. Dec. 13, 2011) (explaining disagreement among courts). The bankruptcy court in *Hobby v. Beneficial Mortg. Co. of*

9

*Virginia, Inc.*, Civ. Action No. 2:05CV110, 2005 WL 5409003, at
*6 (E.D.Va. June 3, 2005), summarized the inconsistent positions
taken by different districts:

> In general, *in forma pauperis*
> proceedings in federal court are governed by
> 28 U.S.C. § 1915. However, 28 U.S.C. § 1930
> limits the application of § 1915 when
> dealing with bankruptcy proceedings.
> Section 1930(a) reads: "Notwithstanding
> section 1915 of this title, the parties
> commencing a case under title 11 shall pay
> to the clerk of the district court or the
> clerk of the bankruptcy court . . . the
> following filing fees. . . ." 28 U.S.C. §
> 1930(a)(2004).[4]
>
> [T]here has been much controversy and
> discussion about whether bankruptcy courts
> can waive filing fees at all, and if so,
> which ones may they waive. *See, e.g., In re
> Fitzgerald*, 167 B.R. 689, 691 (Bankr.N.D.Ga.
> 1994) (holding that § 1930 prohibits the
> waiving of filing fees in any bankruptcy
> proceeding), *Harris v. M.E.I. Diversified,
> Inc.*, 156 B.R. 814, 815 (Bankr.E.D.Va. 1992)
> (same); *cf. In re Perroton*, 958 F.2d 889,
> 896 (9th Cir. 1992) (determining that the
> bankruptcy court is not a "court of the
> United States" under § 1915(a) and therefore
> cannot waive fees under that statute). *But
> see In re Brooks*, 175 B.R. 409, 412
> (Bankr.S.D.Ala. 1994) (holding that the
> bankruptcy court is a part of the district
> court under 28 U.S.C. § 151 and has the
> authority to rule on in forma pauperis
> motions by order of reference), *In re*

---

[4] "Prior to the passage of the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005 ("BAPCPA"), many courts held
that bankruptcy courts lacked the authority to waive filing
fees. After BAPCPA, requests to proceed *in forma pauperis* in
bankruptcy cases are governed by 28 U.S.C. § 1930(f)." *In re
Santana*, Bankr. NO. 10-12043-M, Adversary No. 10-01094-M, 2013
WL 1397462, at *3 (Bankr.N.D.Okla. Apr. 5, 2013)

> *McGinnis*, 155 B.R. 294, 296-97 (Bankr.D.N.H.
> 1993) (holding that 28 U.S.C. § 157(b),
> which grants the bankruptcy courts
> jurisdiction to hear cases under title 11
> and enter appropriate orders therein, also
> authorizes those courts to hear in forma
> pauperis motions brought by creditors), *cf.*
> *In re Fitzgerald*, 192 B.R. 861, 862
> (Bankr.E.D.Va. 1996) (holding that the
> prohibition against waiving fees applies
> only to the filing of a bankruptcy petition
> and not other proceedings in bankruptcy
> court).
>
> This Court is more persuaded by the
> latter case and finds that Bankruptcy Courts
> may waive filing fees in bankruptcy
> proceedings with the exception of fee
> associated with the filing of a bankruptcy
> petition.

*See also In re McClendon*, 509 B.R. 81, 82 (Bankr.E.D.Mich. 2014)

("For purposes of this Order, the Court will assume that a

bankruptcy court has authority under 28 U.S.C. § 1915(a)(1) to

grant this type of application to proceed in forma pauperis [on

an appeal to the district court]. Even with that assumption,

the Court must deny the Application, because the Court finds

[and] concludes that the Debtor's appeal is not taken in good

faith within the meaning of 28 U.S.C. § 1915(a)(3)."); *compare*

*In re Stephen Thomas Yelverton,* No. 09-00413, 2012 WL 4340743,

at *1 (Bankr.D.D.C. Sept. 21, 2012) ("Appeals from the

bankruptcy court to the district court 'shall be taken in the

same manner as appeals in civil proceedings generally are taken

to the court of appeals from the district courts. . . .'   28

U.S.C. § 158(c)(2).   To the extent that an appellant from a bankruptcy court decree seeks an order pursuant to 28 U.S.C. § 1915 to permit the appeal without *prepayment* of the filing fee, it is appropriate to follow the procedures that apply when an appellant from a district court decree seeks a § 1915 order authorizing pursuit of the appeal without prepayment of the filing fee.").

Although there is disagreement as to whether a bankruptcy court can adjudicate an application to proceed *in forma pauperis* in connection with a bankruptcy appeal, there is no question that a district court qualifies as a "court of the United States" within the meaning of 28 U.S.C. § 1915.   *See also* 28 U.S.C. § 1930(f)(2) ("The district court or the bankruptcy court may waive for such debtors [in a chapter 7 bankruptcy case] other fees prescribed under subsections (b) and (c).").   For the reasons explained below, the appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The court explained in *In re Heinze*, 455 B.R. 452, 453 (Bankr.M.D.N.C. 2011):

> Section 1915 was intended to provide indigent parties with the opportunity for meaningful access to the federal courts. However, even if a party is indigent, 28 U.S.C. § 1915 does not provide an unfettered, unlimited right to relief. Thus, relief under 28 U.S.C. § 1915 may be denied if the allegation of poverty is

12

> untrue, or if satisfied that the action is
> frivolous or malicious.

(internal quotation marks omitted).  Specifically, 28 U.S.C. §

1915(e)(2) states:

> Notwithstanding any filing fee, or any
> portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
> (A) *the allegation of poverty is untrue;* or
>
> (B)  the action *or appeal*—
>
> > (i) *is frivolous* or malicious;
> >
> > (ii) fails to state a claim on which
> > relief may be granted; or
> >
> > (iii) seeks monetary relief against a
> > defendant who is immune from such relief.

(emphases added).

In her application, Ms. Hoang lists a total combined

monthly income of $796.00 from social security benefits, $150.00

of cash on hand, and $443.00 in a checking account with Capital

One.  (ECF No. 1-14).  In urging the court to deny her

application to waive filing fees associated with her appeal,

Appellees indicate that Ms. Hoang "misstates her ability to pay

the filing fees associated with her meritless appeal."  (ECF No.

1-15, at 8).  They point out:

> When listing her assets, the Defendant
> conveniently leaves off the fact that [the
> Bankruptcy] Court has determined her to be
> in possession of the Diamonds or their
> value, approximately $180,000.00, that she

> has failed to turn over to the Trustee.
> Accordingly, Defendant certainly has the
> ability to pay the filing fees associated
> with this appeal, as she has managed to pay
> the filing fees in several other meritless
> appeals she has pursued in connection with
> her bankruptcy case.

(Id.).   On December 16, 2010, the Trustee filed a motion to

compel Ms. Hoang to turnover diamonds and other jewelry totaling

in excess of $500,000 that she allegedly acquired in six

separate transactions using the property of the estate

("turnover motion").  (Bankr.Case No. 05-21078, at ECF No. 1567,

at 3-6).  Ultimately, the Trustee limited the action to seeking

recovery of 48.070 carats of diamonds valued at approximately

$180,000.

Judge Catliota issued a memorandum opinion and order on

September 20, 2012 granting the turnover motion and requiring

Ms. Hoang to turn over to the Trustee the diamonds or their

value within fourteen (14) days.  (Id. at ECF Nos. 2164 & 2165).

Ms. Hoang appealed the order, which the undersigned affirmed.

See Hoang v. Rosen, Civ. Action No. DKC 12-3184, 2013 WL 4804822

(D.Md. Sept. 6, 2013).  The United States Court of Appeals for

the Fourth Circuit subsequently affirmed the order as well.  See

Minh Vu Hoang v. Rosen, 556 F.App'x 262 (4th Cir. Feb. 25, 2014).

Meanwhile, the Trustee moved to hold Ms. Hoang in contempt for

failing to turn over the diamonds or their equivalent in

violation of the September 20, 2012 order.  On March 28, 2014,

14

Judge Catliota issued a memorandum opinion and entered a civil

contempt order.  Notably, Judge Catliota observed:

> In closing argument at the contempt
> hearing, after the Debtor was excused from
> the witness stand, the Debtor argued that
> she was indigent and had no ability to pay
> the Trustee.  The court is skeptical of the
> Debtor's statements for several reasons.
> For one, the Debtor did not make these
> statements while she was under oath on the
> witness stand.  *Moreover, the Trustee's
> evidence in the many adversary proceedings
> and contested matters he filed has
> established that millions of dollars flowed
> through various fictitious entities and
> accounts that were in control by the Debtor,
> before and after the petition date.*
>
> . . . A recent filing by the Debtor
> adds to the court's skepticism.  The Debtor
> filed a motion to require the Trustee to
> abandon an asset to her.  []  Along with
> that motion, she filed a motion to proceed
> in that contested matter *in forma pauperis*.
> Docket No. 2288.  In support of the latter
> motion, she submitted an "affidavit" which
> was not under oath, and which stated she had
> no income.  *Id.* at 2.  However, the
> "affidavit" did not state the Debtor had no
> assets, nor did the Debtor submit a standard
> *in forma pauperis* form, which addresses a
> broader category of resources than simply
> income.  The court set the matter for a
> hearing by order, requiring the Debtor to
> appear and testify under oath on the extent
> of any resources or assets available to her.
> Docket No. 2301.  In doing so the court
> noted[:]
>
>> At a recent pretrial conference [in an
>> adversary proceeding brought by the
>> Trustee], the Chapter 7 Trustee
>> informed the Court that the property
>> [that the Debtor claims she owns either
>> directly or through an entity] is

> generating $1,800 of income each month
> that has been paid to [the Debtor's]
> sister or niece for the past several
> years, for a total amount in excess of
> $100,000.   Thus, it appears that an
> entity [the Debtor] contends she owns
> is entitled to receive income of $1,800
> per month, and this is left unaddressed
> in the application.

> *Id.* at 2.  Rather than appear at the hearing
> and testify on the extent of her resources,
> the Debtor withdrew the motion to proceed *in
> forma pauperis.*

(ECF No. 2434, at 8-9) (emphasis added).[5]

Based on the foregoing, the court doubts the veracity and completeness of the representations in Appellant's application to waive the filing fee associated with the bankruptcy appeal. Nowhere does Appellant list the diamonds and their value as property.   Appellees represent in their opposition to the application that she still has not complied with the turnover order "as she has not given the Trustee the Diamonds or their value." (ECF No. 1-15, at 3).

In any event, even assuming Appellant's allegations of poverty are true, based on a review of the record in the underlying appeal, including the motion papers and the August

---

[5]   Ms. Hoang later filed an affidavit of compliance indicating that she complied with the turnover order by executing a promissory note in favor of the Trustee in the amount of $180,000.   She then requested that the Bankruptcy Court remove the contempt order.   Judge Catliota issued an order denying Ms. Hoang's request, stating that the delivery of the promissory note does *not* purge the contempt.   (Bankr.Case No. 05-25738, at ECF No. 2445).

18, 2014 memorandum opinion and order from which Appellant seeks to appeal, the court concludes that the appeal is frivolous. An appeal is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Appellant sued the Trustee and the real estate agent in the Circuit Court for Anne Arundel County in connection with the sale of the Spruce Avenue Property and in doing so violated the *Barton Doctrine*. The Fourth Circuit explained in *McDaniel v. Blust*, 668 F.3d 153 (4th Cir. 2012):

> The Supreme Court established in *Barton [v. Barbour*, 104 U.S. 126 (1881)] that before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver. *See Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004). This principle has been extended to suits against bankruptcy trustees, *see id.; Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005), and to suits against trustees' attorneys, *see Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006). . . . When trustees act "within the context" of their role of "recovering assets for the estate," leave must be obtained. [] Acts are presumed to be part of the duties of the trustee or his counsel "unless Plaintiff initially alleges at the outset facts demonstrating otherwise.' *In re Lowenbraun*, 453 F.3d at 322 (internal quotation marks omitted).

It is uncontested that Ms. Hoang did not obtain leave of the bankruptcy court before filing suit in state court against Mr.

17

Rosen and Ms. McClure.    In entering a permanent injunction,

Judge Catliota observed:

> The filing of the Circuit Court Action is
> another example of the Debtor's efforts to
> hinder the progress of the bankruptcy case,
> without justification.   The Debtor has a
> long history of making numerous and
> frivolous filings challenging the Trustee's
> administration of estate assets and imposing
> additional costs on the estate. . . .  The
> Debtor seeks in the Circuit Court Action to
> dispute, again, that the Property is not
> estate property, that the Trustee and his
> professionals cannot sell the property for
> the benefit of the estate, and that the
> Trustee and his professionals have been
> fraudulent and negligent in their actions
> with regard to the Property.   There is no
> question that the Circuit Court Action is an
> attempt to have another bite at the
> proverbial apple after the Debtor exhausted
> all of her opportunities in the Bankruptcy
> and the District Court.

(ECF No. 1-12, at 7-8).   The court further acknowledged:

> [a] permanent injunction order *should be
> unnecessary in light of the Barton Doctrine*.
> The Debtor is subject to the doctrine and
> should not need to be enjoined from
> violating its principles.   Nevertheless, the
> Debtor's vexatious filings make an
> injunction necess[ary] to keep this
> bankruptcy liquidation moving forward.   A
> permanent injunction will provide clear
> direction to the Debtor, curb further
> collateral attacks on final orders, and
> limit estate costs.

(*Id.* at 9) (emphasis added).   An appeal from an order requiring

Appellant to comply with the *Barton Doctrine* and obtain leave of

court before suing individuals in connection with their

responsibilities to administer the bankruptcy estate finds no basis in fact or law and is frivolous.

Appellant's other basis for the instant appeal is Judge Catliota's dismissal of her counterclaims against the Trustee and Ms. McClure. Appellant filed counterclaims arguing that the Spruce Avenue Property should be transferred back to her, and seeking a mechanic's lien against the Property for $100,000. Judge Catliota explained in the August 18, 2014 opinion:

> Here, the Debtor is collaterally estopped from pursuing her counterclaims. The issues raised in the counterclaims are identical to the issues previously litigated and which have been finally resolved. In Adv. Case No. 12-00056, whether the bankruptcy estate had title, free and clear of all other interests to the Property was fully litigated, she was provided an opportunity to fully litigate her claims over the Property, and she failed to do so with the Bankruptcy Court or the District Court.
>
> Moreover, the issues over the Property are moot as explained by the District Court in its Memorandum Opinion and Order entered on March 19, 2014. [*See In re Minh Vu Hoang*, Civ. Action No. DKC 13-2637, 2014 WL 1125371 (D.Md. Mar. 19, 2014)]. In that memorandum, the District Court dismissed her appeal of the notice of sale as moot because the Property had [been] sold and she had not requested a stay pending appeal.

(*Id.* at 10-11). Any appeal from the dismissal of Appellant's counterclaims is frivolous considering that the issues related to Appellant's purported interest in the Spruce Avenue Property

have been finally decided and the property subsequently was purchased in good faith by JLN Development, LLC.

Finally, Ms. Hoang erroneously suggests that "the [Bankruptcy] Court adjudicated the whole controversy matter ex parte. . . . The integrity of the bankruptcy case could be at stake in the issue of the review eight dockets containing numerous [d]ispute[s] [of] [m]aterial [f]acts sua sponte." (ECF No. 7, at 3). Appellant's contentions are belied by the record. Judge Catliota considered the memoranda filed by both parties and then issued his opinion, finding that a hearing was unnecessary. It was within Judge Catliota's discretion to decide the motions based on the pleadings and memoranda filed by the parties.

Based on the foregoing, the application to proceed on appeal *in forma pauperis* will be granted. The appeal will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

## III. Conclusion

For the foregoing reasons, the motion for case reassignment will be denied. The appeal will be dismissed. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge