IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG and     :
_____THANH HOANG_____

MINH VU HOANG                :

    Appellant            :

       v.                :   Civil Action No. DKC 19-0045

GARY A. ROSEN, et al.        :

    Appellees            :

**MEMORANDUM OPINION**

Appellant Minh Vu Hoang ("Ms. Hoang" or "Appellant"), a debtor in the underlying bankruptcy case, filed an amended appeal from (1) an Order entered by United States Bankruptcy Judge Thomas J. Catliota on December 28, 2018, granting summary judgment, dismissing counterclaims, and permanently enjoining her from filing actions against the Trustee and estate professionals before seeking leave of the bankruptcy court and (2) an Order denying her motion for reconsideration entered February 22, 2019.  Hoang also seeks to proceed *in forma pauperis* on her bankruptcy appeal. (ECF No. 4-7).  Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary.  *See* Fed.R.Bankr.P. 8019; Local Rule 105.6.  For the reasons that follow, the *in forma pauperis* application will be granted and the appeal will be dismissed.

**I.    Background**

The Trustee initiated Adversary Proceeding 13-00551 in the Bankruptcy Court on September 25, 2013, seeking a preliminary and permanent injunction prohibiting Hoang from filing complaints against him and certain estate professionals in other courts.  The Bankruptcy Court issued a preliminary injunction order against Hoang on October 4, 2013 (ECF No. 6-15) and an Order granting summary judgment in favor of the Trustee, dismissing Debtor's counterclaims and permanently enjoining her from filing any further actions against the Trustee or the bankruptcy estate's professionals in any forum without filing a motion requesting leave from this court on August 15, 2014.  (ECF No. 6-88).  Hoang appealed the permanent injunction.  The United States District Court for the District of Maryland dismissed Hoang's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on May 14, 2015, and the Adversary Proceeding was closed.

The Trustee filed a motion to reopen the Adversary Proceeding on November 30, 2018, for the limited purpose of moving to revise the order granting summary judgment, dismissing counterclaims, and permanently enjoining Debtor from filing actions to clarify the names of the parties against whom Hoang may not file new actions without first requesting leave of court.  (ECF No. 6-107).  The Bankruptcy Court granted the motion to re-open on December 3, 2018 (ECF No. 6-110) and issued an amended order specifying by name the

2

estate professionals protected on December 28, 2018 as unopposed. (ECF No. 6-117).

Appellant filed a notice on December 28, 2018, appealing the Amended Order entered on December 27, 2018, and concomitantly moved for reconsideration.  Pursuant to Fed. R. Bankr. P. 8002(b)(2), the Notice of Appeal does not become effective until the Bankruptcy Court issues an Order adjudicating the motion for reconsideration.

The Bankruptcy Court issued an Order denying the motion for reconsideration on February 21, 2019 (ECF No. 4-5).  Appellant then filed an amended notice of appeal and an application to proceed without prepaying fees or costs on March 4, 2019.  (ECF Nos. 4-6 and 4-7).  Appellant's designation of the record was docketed on March 20, 2019 (ECF No. 6) and Appellees' designation of the record was docketed on March 27, 2019 (ECF No. 7).

The Clerk issued correspondence on March 27, 2019, indicating that Appellant's brief was due by April 26, 2019, pursuant to Fed. R. Bankr. P. 8018.  (ECF No. 8).  When the court did not receive Appellant's brief timely, an Order was issued on May 9, 2019, directing Appellant to show cause why her brief was not filed. (ECF No. 9).

In responding to the Order to show cause, Appellant filed a motion seeking copies of unspecified records and for an extension of time to file a brief.  (ECF No. 10).  Appellees filed a response in opposition and a motion to dismiss appeal.  (ECF Nos. 11, 12).

3

Appellant's motion was granted in part and she was provided until August 1, 2019, to file a brief supporting this appeal and to respond to Appellees' motion to dismiss.

Appellant's brief was received August 1, 2019, and Appellees filed a supplemental statement in support of the motion to dismiss appeal on August 8. (ECF Nos. 14, 15). Appellant has not filed a reply and the time to do so has now expired.

## II. Standard of Review

The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006); Fed.R.Bankr.P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *In re Broyles*, 55 F.3d 980, 983 (4th Cir. 1995). "On legal issues, this [c]ourt 'must make an independent determination of the applicable law.'" *In re Fabian*, 475 B.R. 463, 467 (D.Md. 2012) (quoting *In re Jeffrey Bigelow Design Group, Inc.*, 127 B.R. 580, 582 (D.Md. 1991)). With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion. *Id.* at 467 (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)). "[T]he decision of a bankruptcy court

'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D.Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)).  "Thus, this [c]ourt may 'affirm the bankruptcy court on any ground supported by the record.'"  *Bellinger v. Buckley*, 577 B.R. 193, 195 (D.Md. 2017) (quoting *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), aff'd, 669 Fed.Appx. 171 (4th Cir. 2016), reh'g denied (Nov. 29, 2016)).

**III. Analysis**

As a threshold matter, Appellant's form application for leave to proceed *in forma pauperis* (ECF No. 4-7) demonstrates that she is impecunious, and the motion will be granted.

Appellant appeals the Amended Order granting summary judgment, dismissing counterclaims, and permanently enjoining Debtor from filing any further actions against certain parties without first filing a motion requesting leave to do so and the Order denying the motion for reconsideration.  The court will focus on the arguments addressed to the aforementioned Orders, *see Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir. 1988) ("[a]bsent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal").

Appellant has addressed no arguments concerning summary judgment or the counterclaims, but takes exception to the re-

5

opening of the adversary proceeding and alteration of the injunction. The original Order as it relates to the injunction dated October 4, 2013, stated:

> ORDERED, that the Debtor is permanently enjoined from filing any further actions against the Trustee or the bankruptcy estate's professionals in any forum without filing a motion requesting leave from this court.

The portion of the Amended Order dated December 28, 2018, pertinent to the injunction states:

> ORDERED, that the Debtor/Defendant Minh Vu Hoang and any persons acting in cooperation or concert with her be, and they hereby are, PERMANENTLY ENJOINED by filing any further actions against the Trustee or the bankruptcy estate's professionals, including, *inter alia*, Gary A. Rosen, Trustee; Gary A. Rosen, Esquire and the law firm of Gary A. Rosen, Chartered; Roger Schlossberg, Esquire, Frank J. Mastro, Esquire and the law firm of Schlossberg & Associates, P.A. d/b/a Schlossberg Mastro & Scanlan; and Jocelyn McClure and RE/MAX Allegiance.) without filing a Motion requesting leave from this court.

The Amended Order clarifies that the injunction cannot be circumvented by operating through others by adding the phrase "and any persons acting in cooperation or concert with" Hoang and specifies by name some of the estate professionals that are protected.

In her brief, Appellant complains that her assets were consolidated and sold with most of the income paid to the Trustee leaving her little to pay her sizeable tax debt, that she would have filed an objection to the Trustee's motion to reopen the adversary proceeding if she had received a copy, and that the

6

Barton Doctrine, automatic stays, and the Contempt Order[1] issued in the Bankruptcy Court, collectively and separately, limit her ability to participate effectively in her bankruptcy action. She does not elaborate with specific instances but says that the Trustee has "use[d] the system to keep Debtor in silence" (ECF No. 14, p. 7). She argues that reopening the adversary proceeding should also allow her the opportunity to object to the broader language included in the amended order entering the injunction, permit her to move to vacate the contempt order, and allow her and the public to object to the Trustee's applications for fees and expenses.

The Appellees' motion to dismiss and supplement argues that Appellant advances no issues in her brief relevant to the Orders on appeal. The Appellees further argue that the appeal of the original order enjoining her from violating the Barton Doctrine was deemed frivolous by this court and that this appeal to the amended order entering injunction should be deemed likewise. The Trustee also advises the court that he filed a final report and

---

[1] Judge Catliota issued a memorandum opinion and entered a civil contempt order on March 28, 2014. Ms. Hoang later filed an affidavit of compliance indicating that she complied with contempt order by executing a promissory note in favor of the Trustee in the amount of $180,000. She then requested that the Bankruptcy Court remove the contempt order. Judge Catliota issued an order denying Ms. Hoang's request, stating that the delivery of the promissory note does *not* purge the contempt. (Bankr.Case No. 05-25738, at ECF No. 2445).

applications for compensation on February 25, 2019, in the bankruptcy action and, until this appeal is resolved, the bankruptcy court cannot authorize a final distribution of assets to creditors.

Hoang does not provide any basis for vacating the Amended Order granting summary judgment, dismissing counterclaims, and permanently enjoining her from filing any further actions against certain parties without first filing a motion requesting leave to do so from the court or the Order denying the motion for reconsideration.  The Supreme Court mandated that all must comply with the *Barton Doctrine* and Hoang is no exception.  She must obtain leave of court before suing individuals in connection with their responsibilities in administering the bankruptcy estate. Thus, this appeal has no basis in fact or law and is frivolous.

**IV. Conclusion**

For the foregoing reasons, the application to proceed *in forma pauperis* will be granted and the appeal will be dismissed.  A separate order will follow.

                                                 /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge